UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

# If you were employed by University of Pittsburgh Medical Center a lawsuit may affect your rights.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- Employees have sued University of Pittsburgh Medical Center and related entities (referred to in this notice as "UPMC") claiming UPMC failed to pay overtime to its hourly employees.

- The Court has allowed the lawsuit to be conditionally certified as a collective action on behalf of employees affected by UPMC's policy.

- The Court has not decided whether UPMC did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| | YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT |
|---|---|
| **ASK TO BE INCLUDED** | **Join in this lawsuit.  Await the outcome.  Give up right to sue separately.**<br><br>By joining, you keep the possibility of getting money or benefits that may come from a trial or a settlement.  But, you give up any rights to sue UPMC separately about the same legal claims in this lawsuit. |
| **DO NOTHING** | **Do nothing.  Get no benefits from it.  Keep right to sue separately.**<br><br>If you do nothing and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue UPMC separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice.

- Any questions?  Read on and visit www.hospitalovertime.com.

# BASIC INFORMATION

## 1. Why did I get this notice?

UPMC records show that you currently work, or previously worked, for UPMC in a position which would subject you to the policies at issue in this lawsuit.

This notice informs you of the existence of a collective action lawsuit in which you may become a member. It also explains what you need to do to participate, or not participate and how your rights may be affected.

On _____, 2009, the Honorable _____, United States District Judge for the Western District of Pennsylvania, authorized the sending of this Notice to inform you of your rights to join this lawsuit.

## 2. What is a collective action and who is involved?

In a collective (or class) action lawsuit, one or more people called "Class Representatives" (in this case Karen Camesi, Erin O'Connell, Lori Shaffer and Dinah Baker) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The individuals who sued – and all the Class Members like them – are called the plaintiffs. The company they sued (in this case UPMC) is called the defendant. Unless each employee's case ends up being tried separately, one Court resolves the issues for everyone in the class – except for those people who choose not to join the Class.

In this case, the Court has determined that for now hourly employees who were subject to certain policies which resulted in employees not receiving overtime for all the hours they worked (as discussed more below) may have enough similar claims that it makes sense to have those claims combined in one case.

## 3. What does the lawsuit complain about?

In the lawsuit, the plaintiffs say that UPMC failed to pay hourly employees for all the time that UPMC permitted them to do work. For example, plaintiffs say that UPMC implemented a Meal Break Deduction Policy which deducts 30 minutes from employees' paychecks for meal breaks even when employees perform compensable work. Further, UPMC considered meal breaks lasting 20 minutes or less to be non-compensable in violation of the FLSA. In addition, for meal breaks lasting more than 20 but less than 30 minutes (for which UPMC deducted 30 minutes), employees are owed the difference between 30 minutes and the amount of time the break lasted.

The plaintiffs claim that because UPMC did not pay overtime as required by law, they are owed unpaid overtime, as well as additional damages allowed by the law and attorneys' fees.

### 4. How does UPMC answer?

UPMC denies that it maintained the policy that plaintiffs allege or that it otherwise has violated the Fair Labor Standards Act. To the contrary, UPMC asserts that at all times its pay practices complied with the FLSA and that employees were paid properly.

### 5. Has the Court decided who is right?

The Court has not decided whether UPMC or the plaintiffs are correct. By establishing the collective action and issuing this Notice, the Court is not suggesting that the plaintiffs will win or lose this case. The plaintiffs must prove their claims. Therefore there is no money or benefits available now.

Once people have had the chance to opt in, the Court will decide whether people who have opted in may participate in the case as class members. Only people "similarly situated" to the plaintiffs may participate as class members. To determine whether you are indeed a proper member of the class, UPMC will likely ask the Court to engage in a review of the circumstances of your employment with UPMC, taking into account factors such as employment setting, recording and payment for time worked, any defenses asserted against you by UPMC, and other procedural issues.

## YOUR RIGHTS AND OPTIONS

### 6. How do I join?

To participate in this lawsuit, you need to fill out the two enclosed forms and mail them in the enclosed self-addressed stamped envelope. It is entirely your own decision whether or not to join this lawsuit.

If you fail to do so, you will not be allowed to participate in any recovery for the federal overtime claims in this lawsuit and may be jeopardizing your right to sue.

If you decide to join this suit, you will be bound by the settlement or judgment, whether it is favorable or not. If there is a favorable resolution, either by settlement or judgment, and you qualify, you will be entitled to some portion of the recovery.

### 7. What if I do nothing?

If you do nothing, you will not participate in the collective action. You will not be bound by any decision on the federal overtime suit. Therefore, you will not be entitled to any recovery should there be any for those claims.

You can also start your own lawsuit against UPMC. You'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against UPMC, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

### 8. I am afraid UPMC may take some action against me if I join.

Federal law prohibits UPMC from discouraging or in any other way discriminating against you because you have exercised your rights under the FLSA. Such conduct would also be illegal and you are entitled to additional damages should a court determine UPMC took any action against you for joining this lawsuit.

### 9. Do I have to do anything to help out with the lawsuit once I join?

The lawyers will handle most of the presentation of the case. From time-to-time, your lawyers will ask you for information and you would need to give that information to them. You may also be asked to answer questions from the other attorney prior to trial for part of a day. Should there be a trial, some Plaintiffs may testify. Regardless, if you are asked to give information, our legal team will work with you so that the process is as convenient for you as possible.

## THE LAWYERS REPRESENTING YOU

### 10. Do I have a lawyer in this case?

The law firm of Dolin, Thomas & Solomon LLP is the counsel representing the named plaintiffs in this action. They are experienced in handling similar cases against other employers. More information about the law firm, its practices, and its lawyers' experience is available at www.theemploymentattorneys.com.

Unless you choose another lawyer (see below), these attorneys would represent you in the action.

### 11. Should I get my own lawyer?

You do not need to hire your own lawyer because Dolin, Thomas & Solomon LLP is working on your behalf. But, if you want your own lawyer, you will likely have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Dolin, Thomas & Solomon LLP to speak for you. If you decide to have another attorney represent you, that attorney will need to draft a consent form for which you should then mail to Dolin, Thomas & Solomon LLP.

### 12. How will the lawyers be paid?

If the attorneys get money or benefits for the employees, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants the lawyers' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by UPMC.

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

- 5 -

## GETTING MORE INFORMATION

**13. Are more details available?**

Visit the website, [www.hospitalovertime.com](www.hospitalovertime.com) where you will find the Complaint the Plaintiffs submitted and other information about the case.  You can contact the Plaintiffs' attorneys at:

J. Nelson Thomas, Esq.
Patrick J. Solomon, Esq.
DOLIN, THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
1-877-272-4066
info@hospitalovertime.com

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," including if appropriate a named or representative plaintiff in any lawsuit that is filed seeking payment of unpaid wages, including overtime wages, and related relief against my employer(s), on behalf of myself and other former and current employees of the employer(s).

I am/was employed by University of Pittsburgh Medical Center.

I authorize the representative plaintiffs or plaintiffs' counsel to file this consent with the Clerk of the Court. I hereby further authorize the named plaintiffs to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including any settlement and therefore, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    \_\_\_\_/\_\_\_\_/\_\_\_\_
Signature                                                                                          Date


_____
Print Full Legal Name

# INFORMATION SHEET

Please keep us informed of any changes to your contact information

**Dolin, Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

(PLEASE FILL OUT COMPLETELY)

Name _____
        First Name            Last Name

Address _____

City _____ State___ Zip Code_____

Social Security Number  X  X  X — X  X — ☐ ☐ ☐ ☐

Home Phone ( _ _ _ ) - _ _ _ _ - _ _ _ _

Cell Phone   ( _ _ _ ) - _ _ _ _ - _ _ _ _

E-Mail Address _____

Any personal identification information that you provide to us will only be used to protect your interests and the class members in this lawsuit.

☐ I am/was employed by University of Pittsburgh Medical Center

___/___/___  Start Date     ___/___/___ End Date

☐ I am/was employed by another health care institution:

_____  ___/___/___  ___/___/___
Name of Health Care Institution — City/State    Start Date    End Date

_____  ___/___/___  ___/___/___
Name of Health Care Institution — City/State    Start Date    End Date

_____  ___/___/___  ___/___/___
Name of Health Care Institution — City/State    Start Date    End Date

PLEASE RETURN TO     **UPMC Class Action Lawsuit**
Dolin, Thomas & Solomon LLP
693 East Avenue
Rochester, New York 14607

**If you have any additional questions, feel free to contact the law firm above at**
www.hospitalovertime.com (Website)   info@hospitalovertime.com
1.877.272.4066 (telephone M-F  8:30A-5:30P ET)   1.877.272.4088 (facsimile)

Name
Street Address
City, State, Zip

**Notice to those who worked for the University of Pittsburgh Medical Center**

                              Jane Q. Class Member
                              123 Anywhere Street
                              Anytown, ST 12345-1234

(Above: Front of outside Notice mailing)

(Below: Back of outside Notice mailing)

**If you worked for the University of Pittsburgh Medical Center
you may be entitled to back wages**