# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CAMESI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 09-85J |
| ) | |
| v. ) | Magistrate Judge Bissoon[1] |
| ) | |
| UNIVERSITY OF PITTSBURGH ) | |
| MEDICAL CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs' Motion for Court-facilitated notice to putative collective action members (Doc. 4) will be granted as described below.

Plaintiffs have brought this proposed collective/class action alleging, among other things, that Defendants (at times collectively, "UPMC") have violated provisions of the Fair Labor Standards Act ("FLSA"). *See generally* Compl. (Doc. 1). Plaintiffs seek conditional certification of a collective action for the purposes of providing notification to potentially affected employees. *See generally* Pls.' Mot.

Plaintiffs propose that notice be sent to "all current and former hourly employees of . . . [D]efendants whose pay was subject to an automatic [meal break] deduction even when employees performed compensable work." *See generally* Pls.' Br. (Doc. 5) at 39. Plaintiffs allege, and Defendants have confirmed, that all of UPMC's approximately 30,000 non-exempt employees have thirty minutes automatically deducted for meal breaks when their workday reaches five hours in duration. *See generally* Defs.' Opp'n Br. (Doc. 93) at 2, n.2, 5-6.

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 90 & 91).

This is accomplished through a computer system known as "KRONOS," which tracks the time and attendance of hourly employees. *See id.* at 2 & n.2.

Non-exempt employees are the subject of Defendants' written "UPMC Compensation Manual." *See generally id.* at 5; *see also* excerpts of current Manual (attached as Ex. A to Doc. 92). Although different versions of the Manual have existed, Defendants advise that the relevant provisions have remained materially the same:

MEAL PERIODS

UPMC attempts to grant a 30-minute meal period for all employees even though meal periods are not required under the FLSA. Typically, this meal period is unpaid. However, meal periods must be counted as hours worked unless all three of the following conditions are met:

- The meal period must be scheduled for 30 minutes;

- The employee is completely relieved of all duties during the meal period; and

- The employee is free to leave the workstation or area.

If a non-exempt employee does not receive 20 consecutive minutes of uninterrupted time it will be considered work time and will be paid. Answering a page or beeper is considered to be an interruption. The time and attendance system (KRONOS) has an automatic feature that will deduct a 30 minute meal period after 5 hours of time worked. If an employee does not receive a meal period and it is to be recorded as time worked, it is the employee's responsibility to make sure the automatic [meal] deduction is cancelled via the manner designated by the department. Employees must immediately notify their supervisors if they are unable to appropriately record their time.

Example

An hourly paid registered nurse begins a work shift at 8:00 a.m. and at 1:00 p.m. goes to the lunch room for a scheduled lunch break. The employee is interrupted by a page at 1:15 p.m. and responds by leaving the lunch room and returning to work. In this instance, the employee did not receive 20 consecutive minutes of uninterrupted time and the meal period is counted as hours worked.

> This employee's time record is set up to automatically deduct a 30 minute meal period after 5 hours worked. In order for this employee to be paid for working through a meal period, the automatic meal deduction in KRONOS must be cancelled directly by the employee or via the timekeeping method designated by the department. . . .

*See* UPMC Compensation Manual at 20-21.

Plaintiffs posit three theories under the FLSA: (1) Defendants failed in their legal obligation to ensure that employees who "suffered or [were] permitted" to work during meal breaks were compensated, *see* Pls.' Br. at 2, 15 (citation omitted); (2) Defendants erroneously concluded that meal breaks of twenty minutes or longer, but less than thirty minutes, qualified as "bona fide meal periods" under the FLSA and thus were non-compensable, *see id.* at 2, 18 (citation omitted); and (3) even assuming twenty minutes qualifies as a bona fide meal period, Plaintiffs are entitled to be paid for the difference between the time they were actually off work (*i.e.*, anywhere from twenty to twenty-nine minutes) and the time automatically deducted (thirty minutes). *See id.* at 2, 18-19.

The standards for conditional certification and notice are well summarized in Chief Judge Ambrose's recent decision, <u>Bishop v. AT&T Corp.</u>:

> [D]istrict courts in the Third Circuit have developed a two-stage test. . . . During the initial notice stage, the court preliminarily determines whether the proposed class consists of similarly situated employees. . . . Courts generally examine the pleadings and affidavits of the parties to decide whether the proposed class members are similarly situated, . . . and utilize a 'fairly lenient' standard in rendering such a determination. . . . If the plaintiff meets the requisite showing, the class is conditionally certified for the purpose of notice and discovery. . . .
>
> In the second stage, after the court is more fully informed through discovery, the defendant may move to decertify the class and the court makes its final certification decision. . . .

3

> The district courts in this Circuit do not unanimously agree on the appropriate level of proof for a stage one determination that the potential class members are similarly situated. Some courts confer conditional certification and notice if a plaintiff advances an allegation that he and the proposed class members were victims of a single employer policy. . . . Under this evidentiary approach, preliminary certification is granted upon a mere allegation that the putative class members were injured by a single policy of the defendant employer. . . . Others courts apply a more exacting, yet still relaxed, test requiring the plaintiffs to show a modest factual nexus between their situation and that of the proposed class members. . . .

*Id.*, -- F.R.D. --, 2009 WL 763946, *2-3 (W.D. Pa. Mar. 23, 2009) (adopting Report and Recommendation of Mitchell, M.J.) (citations omitted).

The Bishop Court applied the "more exacting" test because the parties in that case already had taken discovery. *See id.* at *3. The Court need not determine which test applies here, however, because Plaintiffs' allegations and evidence are sufficient under both.

As noted above, Plaintiffs have placed into the record the undisputed written policies of UPMC regarding non-exempt employees' "meal breaks." *See* discussion *supra*. By implication, UPMC's policies dictate that meal breaks lasting twenty minutes or longer, but less than thirty minutes, qualify as "bona fide meal periods" that are non-compensable under the FLSA. *See* 29 C.F.R. § 785.19(a) ("Section 785.19(a)"); *cf. also* Defs.' Opp'n Br. at 14-16 (addressing same and related regulations).[2] At least for the purposes of conditional certification, Defendants' position is unsupported by Section 785.19(a):

---

[2] Defendants note that Section 785.19 is not binding on the Court, and counsel suggests that this and the other interpretive guides provided by the Department of Labor ("DOL") should be weighed based on "their persuasive value." *See* Defs.' Opp'n Br. at 14 n.10. Section 785.19 has commonly been relied upon in similar cases, and the Court concludes that all of the interpretive guides referenced herein are sufficiently persuasive to warrant consideration.

4

> Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. <u>Ordinarily 30 minutes or more is long enough for a bona fide meal period</u>. A shorter period may be long enough <u>under special conditions</u>. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.

29 C.F.R. § 785.19(a) (emphasis added).

If "special conditions" warranting a deviation from the standard thirty-minute meal period exist, Defendants have failed to identify them. The law makes clear, moreover, that a determination regarding whether "special conditions" exist is a fact-intensive inquiry made on a case-by-case basis. *See, e.g.*, DOL's Opinion Letter under FLSA dated May 14, 2007, found at 2007 WL 5130264 (FLSA2007-1NA) (for purpose of "special conditions," "Section 31b23 of the Wage and Hour Division's Field Operations Handbook . . . enumerates the factors <u>considered on a case-by-case basis</u> in determining whether a meal period is bona fide[,] including . . . whether the employees have sufficient time to eat a regular meal, whether there are work-related interruptions to the meal period, and whether the employees have agreed to the shorter period") (emphasis added); <u>Myracle v. General Elec. Co.</u>, 1992 WL 699863, *8 (W.D. Tenn. Dec. 1, 1992) (under "special conditions" analysis, "<u>the particular facts of each case [are] examined</u> to determine if the period in question is in fact a bona fide meal period") (citation to quoted source omitted, emphasis added), *aff'd*, 33 F.3d 55 (6th Cir. 1994) (table).

Even assuming Defendants can, and ultimately will, demonstrate that the facts and circumstances surrounding UPMC's policies support a finding of bona fide meal period(s), this is not a determination that appropriately can be made at the conditional certification stage. <u>Bishop</u>, 2009 WL 763946 at *3 ("at . . . stage [one], the merits of the plaintiffs' claims are not

addressed") (citation omitted); *accord* Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp.2d 200, 205-206 (N.D.N.Y. 2009) ("[a] plaintiff's burden at this preliminary stage is minimal," and "when making [the notice determination,] the court does not weigh the merits, resolve factual disputes, or make credibility determinations") (citations omitted, emphasis added).

Similarly, UPMC's written policies arguably shift the burden from Defendants to their employees to ensure that non-qualifying meal breaks are not deducted from their pay. *See* discussion *supra* ("employee[s'] time record[s are] set up to automatically deduct a 30 minute meal period after 5 hours worked," and "it is the employee's responsibility to make sure the automatic lunch deduction is cancelled" as appropriate). The law is clear that it is the employer's responsibility, not its employees', to ensure compensation for work "suffered or permitted." *See* Chao v. Gotham Registry, Inc., 514 F.3d 280, 288 (2d Cir. 2008) ("[a]n employer who has [actual or constructive] knowledge that an employee is working, and who does not desire the work [to] be done, has a duty to make every effort to prevent its performance," and "[t]his duty arises even where . . . the employee fails to report his . . . hours") (citations omitted); Reich v. Brenaman Elec. Serv., 1997 WL 164235, *3 (E.D. Pa. Mar. 28, 1997) ("[w]ork not requested but suffered or permitted is work time" and, so long as "[t]he employer knows or has reason to believe that [the employee] is continuing to work," "[t]he [underlying] reason is immaterial") (citations omitted).

Irrespective of whether or not UPMC's "employee cancellation" policy ultimately is consistent with the FLSA, Defendants' arguable attempt to shift statutory responsibilities to their workers constitutes an "employer policy" susceptible to challenge at this stage in the proceedings. As for Defendants' denial of actual or constructive knowledge regarding employees' noncompliance with the cancellation policy -- a denial Plaintiffs have refuted

6

through both allegations and evidence -- this question also cannot be resolved through the conditional certification ruling. *See* discussion *supra* ("the court does not weigh the merits, resolve factual disputes, or make credibility determinations").

Plaintiffs' evidence regarding the uniform, written policies in UPMC's Compensation Manual is sufficient under both tests annunciated in <u>Bishop</u>. *See* discussion *supra* (even under more exacting test, "preliminary certification is granted upon . . . a modest factual [showing]" that putative collective action members all "were injured by a [uniform] policy of the defendant[s]"). The policies in question, which apply to all non-exempt employees, are spelled out in "black and white" through Defendants' own materials. Conditional certification therefore is appropriate, and it will be granted.

Nothing in Defendants' opposition papers compel a contrary result. Although most of Defense counsel's arguments are addressed either directly or by implication above, the Court will take some time to visit certain recurrent themes.

Defendants first argue that, even assuming Plaintiffs or other employees suffered meal break violations, FLSA liability attaches only if an employee "receiv[es] less than the minimum wage for the week" or "ha[s] worked more than 40 hours in the workweek . . . such that the employee would be owed overtime." *See* Defs.' Opp'n Br. at 12-13 (citations omitted). While this may be an accurate statement of the law,[3] numerous courts confronting alleged "meal break" violations have not addressed these issues for the purposes of conditional

---

[3] *See, e.g.,* Pls.' Counsel's Affirmation (Doc. 6) at Ex. E (DOL's Wage and Hour Division Fact Sheet No. 53, "The Health Care Industry and Hours Worked" (2008)) ("[t]he failure to properly count and pay for all hours that an employee works may result in a minimum wage violation if the employee's hourly rate falls below the required federal minimum wage when his or her total compensation is divided by all hours worked"; "[m]ore likely, the failure to count all hours worked will result in an overtime violation because employers have not fully accounted for hours worked in excess of 40 during the workweek").

certification. *See, e.g.*, Bishop, 2009 WL 763946 at *5-6 (granting conditional certification and notice where employees allegedly "were required to perform unpaid work . . . during their meal and rest breaks") (citation omitted); Colozzi, 595 F. Supp.2d at 206-207 ("[i]t is the failure of an employer to compensate employees who work through . . . unpaid meal breaks, and to police and oversee hourly workers . . . to ensure that when working through or during unpaid meal breaks they are compensated, that [the employer] potentially runs afoul of the [FLSA]") (citation omitted).

This precedent aside, the named Plaintiffs and other affiants have sworn that they "often [worked for Defendants] more than 40 hours in a work week," *see, e.g.*, Ex. G to Doc. 6, and resolving Defendants' arguments at the conditional certification stage would require delving too deeply into the merits of Plaintiffs' claims. *See* discussions *supra*.

Defendants next suggest that their "twenty minute break policy" is supported under the regulations regarding "rest periods":

> 29 C.F.R. § 785.8 . . . states that '[r]est periods of short duration, running from 5 minutes to about 20 minutes, are common in industry[, and ] . . . . [t]hey must be counted as hours worked.' This provision implies that rest periods of 20 minutes or more need not be counted as hours worked, which is consistent with the UPMC policy.

Defs.' Opp'n Br. at 15.

Of course, the portions of UPMC's Compensation Manual quoted above fall under the caption "MEAL PERIODS," and Defendants' suggestion that they somehow address "rest periods" requires quite an inferential leap. *See* discussion *supra*. Defense counsel's argument under 29 C.F.R. § 785.8 is a red herring and, to the extent Defendants urge the Court to

8

deny certification based the "special conditions" analysis in Section 785.19(a), that proposition already has been rejected above.[4]

Finally, Defense counsel level a number of criticisms based on the facts that all of Plaintiffs' affiants are nurses and only "five or six of the nearly 1,000 UPMC facilities" are implicated. *See, e.g.*, Defs.' Opp'n Br. at 21-22; *see also id.* at 20 ("[P]laintiffs have filed only conclusory and unsupported statements to support their allegations of widespread common violations"). The problem for Defendants, however, is the admitted existence of written policies affecting all non-exempt employees, regardless of job title or work location. This fact distinguishes the instant case from the many other court decisions that have, to varying degrees, examined plaintiffs' affidavits to determine whether purported deficiencies regarding "similar situation" exist. Under the circumstances, Defendants' assertions are without merit.

For the reasons just stated, the Court rejects Defendants' arguments that conditional certification should be denied, and it likewise rejects their suggestion that notice should be limited to nurses working at the same facilities as the named Plaintiffs. *Cf.* Defs.' Br. at 22-25 (arguing for these limitations). The Court does agree with Defendants, however, that the form and substance of Plaintiffs' proposed notice are problematical. *See id.* at 25-28.

Initially, and through an exercise of the Court's discretion, the undersigned concludes that first-class mail is the best form of notice. *See id.* at 25-26 (citing numerous decisions in support of this conclusion). Plaintiffs' additional forms of proposed notice threaten to create

---

[4] Defendants also attack Plaintiffs' "meal break differential" theory (*i.e.*, employees should be paid the difference between the twenty to twenty-nine minute breaks they enjoyed and the thirty minutes deducted), arguing that such discrepancies are "*de minimis*" under the law. *See* Defs.' Opp'n Br. at 17-18 (citing cases). This argument is beside the point, as Plaintiffs' "meal break differential" allegations are wholly unnecessary to the Court's conclusion that conditional certification and notice should issue. *See generally* discussions *supra* in text.

confusion regarding who may be members of the putative collective action, and notice therefore will be restricted to first class U.S. Mail. *See id.*

The Court also agrees that the detailed personal information requested by Plaintiffs' counsel goes too far. In Bishop, Chief Judge Ambrose set parameters regarding the information Defendants were required to provide, and they will be adopted here. Specifically, the information will be limited to non-exempt employees' names and mailing addresses. Telephone numbers shall be provided for the purposes of "run[ning] reverse directory checks for putative members with outdated addresses and <u>not</u> to make calls to prospective class members." *Id.* at *6 (emphasis added). A Protective Order is hereby entered limiting the use of home telephone numbers to an address verification device. *See id.*

Last, Defendants shall provide information regarding those non-exempt employees who have worked for them at any time during the last three years. *See* Colozzi, 595 F. Supp.2d at 209 & n.9 (observing that FLSA's statute of limitations extends to three years for "willful violations," and rejecting defendants' arguments regarding absence of willfulness because they "improperly invite[d] the court to engage in a review of the merits of plaintiffs' claims").[5]

Turning to the substance of the notice, the Court agrees that Plaintiffs' current proposal is objectionable. *See, e.g.*, Defs.' Br. at 27-28 (proposed notice fails to make sufficiently clear that this case addresses meal break-related issues, and notice refers putative members to website replete with self-serving and otherwise inappropriate statements). Even before considering Defendants' objections, the Court could not help but independently observe that Plaintiffs' proposed notice only first advises recipients regarding the nature of this suit on its second single-

---

[5] Given the absence of any indication to the contrary, the Court presumes that the relevant UPMC policies have existed for at least the last three years. Should this prove not to be the case, the parties shall attempt to amicably determine the relevant temporal period and, if they cannot reach agreement, the issue may be placed before the Court.

10

spaced page, after suggesting in the introduction that the litigation addresses generalized "fail[ures]" of UPMC "to pay overtime to its hourly employees." *See* Ex. A to Doc. 6.

For the purposes of conditional certification, Plaintiffs' briefing and evidence have been conspicuously limited to UPMC's meal break policies, and the Court will not allow the provision of notice to degenerate into a fishing expedition to explore an inestimable number of other purported FLSA violations. *Cf. generally* Order in related case filed under Civil Action No. 09-377 dated May 11, 2009 (Doc. 40) at 8 ("if the crux of this case is what it appears to be (*i.e.*, employee meal breaks), Plaintiffs' additional claims seem more akin to the type of 'fishing expedition' commonly disfavored in the law") (citation omitted).

Consistent with the foregoing, the Court will adopt Defense counsel's suggestion that the parties be given the opportunity to develop a mutually acceptable notice letter. *See* Defs.' Opp'n Br. at 28. Should these efforts fail, opposing counsel shall cross-file proposed notice forms and the Court will determine which one is most appropriate, with or without modification.

For all of these reasons, Plaintiffs' Motion (**Doc. 4**) for conditional certification and Court-facilitated notice is **GRANTED**; Defendants shall supply Plaintiffs with information regarding the putative collective action members, consistent with the discussions above, within 30 days of this Order; and, also within 30 days, the parties shall file either a stipulated notice form for judicial approval, or they shall cross-file proposed notice forms for the Court's consideration.

IT IS SO ORDERED.

May 14, 2009                                                    s\Cathy Bissoon
                                                                Cathy Bissoon
                                                                United States Magistrate Judge

cc (via email):

J. Nelson Thomas, Esq.
Justin M. Cordello, Esq.
Michael J. Lingle, Esq.
Patrick J. Solomon, Esq.
John J. Myers, Esq.
Mariah L. Lewis, Esq.
Wendy West Feinstein, Esq.
Terrence H. Murphy, Esq.