# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CAMESI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 09-85J |
| ) | |
| v. ) | Magistrate Judge Bissoon |
| ) | |
| UNIVERSITY OF PITTSBURGH ) | |
| MEDICAL CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiffs' Motion for Reconsideration (Doc. 116) will be denied.

In moving for conditional certification and notice under the FLSA, Plaintiffs requested that Defendants be ordered to provide the social security numbers ("SSNs") of putative collective action members. *See* proposed order attached to Pls.' Mot. for Condit. Cert. and Notice (Doc. 4) at ¶ 2. Plaintiffs, however, failed to explain in that motion why the disclosure of this confidential information was necessary. *See, e.g.*, Pls.' Br. (Doc. 5) at 39, ¶ 2 (requesting SSNs, but offering no justification for disclosure); Pls.' Decl. in Supp. of Mot. (Doc. 6) at 4, ¶ 2 (same).

In granting Plaintiffs' request for notice, the undersigned followed Chief Judge Ambrose's decision in Bishop v. AT&T Corp., 256 F.R.D. 503 (W.D. Pa. Mar. 23, 2009) and restricted Defendants' disclosures to the putative members' names, mailing addresses, and phone numbers (for the limited use of "run[ning] reverse directory checks"). *See* Order dated May 14, 2009 (Doc. 104) at 10. Plaintiffs now seek reconsideration of part of that Order,

arguing that the disclosure of the last four digits of the putative members' SSNs will facilitate more accurate and efficient notification. *See generally* Pls.' Mot. for Reconsideration at ¶ 8.

A motion for reconsideration will be entertained where: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *See* Bennett v. City of Phila., 2004 WL 187408, *1 (E.D. Pa. Jan. 26, 2004) (citation to quoted source omitted). There has been no supervening new law, and Plaintiffs have failed to show that the prior decision was erroneous or created manifest injustice. And although Plaintiffs now offer an additional declaration regarding their counsel's notification procedures (*see* Doc. 117), this is not "new evidence" because it could have been, but was not, submitted in connection with Plaintiffs' original motion. Plaintiffs cannot satisfy the standards governing reconsideration, and, for this reason alone, their Motion will be denied.

Even leaving aside the standard for reconsideration, when one turns to the merits, it is clear that courts in this District have consistently held that the disclosure of putative collective action members' SSNs is inappropriate. *See* Bishop, discussed *supra*; Kuznyetsov v. West Penn Allegh. Health Sys., Inc., 2009 WL 1515175, *6 (W.D. Pa. Jun. 1, 2009) (Ambrose, C.J.) ("the personal information requested by Plaintiffs," including SSNs, "exceeds that which is necessary and appropriate"). Although there has been some split of authority in the other federal districts, the courts that have carefully considered the matter have approached the disclosure of SSNs with trepidation. *See, e.g.*, Jackson v. Papa John's USA, Inc., 2009 WL 1011105, *2-4 (N.D. Ohio Apr. 15, 2009) (declining to order production of SSNs after "weighing the plaintiffs' need for [the information] against the privacy interests of the putative class members"); Kelly v. Bluegreen Corp., 256 F.R.D. 626, 632 (W.D. Wis. Feb. 20, 2009) (declining to order production of SSNs because such information was "extremely personal").

Here, the Court agrees with Defendants that the putative members' privacy interests outweigh Plaintiffs' stated concerns regarding the accuracy and efficiency of the notification process. *See generally* Defs.' Opp'n Br. (Doc. 121) at 5-6 ("it is precisely because individuals often use the last four digits of their [SSNs] for banking and other personal . . . purposes that the potential class members' [SSNs] should be maintained in strict confidence"). Should Plaintiffs' notice efforts prove unsuccessful regarding a measurable number of putative collective action members, they may petition the Court for more information at that time. *See id.* at 7 (suggesting same); *see also, e.g.*, Kelly, 256 F.R.D. at 632 (holding same); Gilbert v. Citigroup, Inc., 2009 WL 424320, *6 (N.D. Cal. Feb. 18, 2009) ("[p]laintiffs may move to compel production of [SSNs] if [the other] contact information [provided] is not sufficient to provide notice to a large percentage of the potential class members").

Consistent with the foregoing, Plaintiffs' Motion for Reconsideration (**Doc. 116**) is **DENIED**.

IT IS SO ORDERED.

June 10, 2009                                       s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge

cc (via email):

J. Nelson Thomas, Esq.
Justin M. Cordello, Esq.
Michael J. Lingle, Esq.
Patrick J. Solomon, Esq.
John J. Myers, Esq.
Mariah L. Lewis, Esq.
Wendy West Feinstein, Esq.
Terrence H. Murphy, Esq.
James F. Glunt, Esq.