# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CAMESI, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 09-85J |
| v. | ) Magistrate Judge Bissoon |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiffs' Motion (Doc. 126) to Enforce the Court's Order dated May 14, 2009 will be denied.

For the purposes of class notification, Defendant Mercy Hospital of Pittsburgh ("Mercy Hospital," "the Hospital," or "Defendant") has declined to produce information regarding employees who worked at the Hospital before March 2008. *See generally* Pls.' Br. (Doc. 127) at 2. Defendant asserts that, prior to March 2008, Mercy Hospital did not operate under UPMC's compensation policies,[1] and, at least for the purposes of this Motion, Plaintiffs do not meaningfully dispute this assertion. *See generally* Pls.' Br. Rather, Plaintiffs take the position that the Order required Mercy Hospital to produce information regarding all of its non-exempt workers employed over last three years, irrespective of the compensation policies that were in effect. *See id.* at 2-4. This was not the Court's intention.

In moving for conditional certification, Plaintiffs relied heavily on UPMC's written compensation policies. *See, e.g.*, Pls.' Br. in Supp. of Condit. Cert. and Notice (Doc. 5) at 2, 4,

---

[1] *See generally* Order dated May 14, 2009 (Doc. 104) at 2-3 (citing and quoting policies annunciated in "UPMC['s] Compensation Manual").

7, 14, 18, 20, 26, 28, 30 (relying on UPMC's written policies as basis for conditional certification); *see also id.* at 2-3 (identifying Defendants collectively as "UPMC"). Nowhere in Plaintiffs' moving papers did they state or imply that they sought to impose liability based on Mercy Hospital's policies prior to, and independent of, its adoption of the UPMC policies. *See id.*; *see also* Exs. G through T to Doc. 6 (affirmations of fourteen putative collective action members, stating affiants "ha[d] worked throughout <u>the University of Pittsburgh Medical Center's system</u>") (emphasis added).

The Court also relied heavily on UPMC's written policies in determining that conditional certification was appropriate. *See, e.g.*, May 14th Order at 2-3 (citing and quoting UPMC's written policies); *id.* at 4, 5-6 (relying on same); *id.* at 7 ("Plaintiffs' evidence regarding the uniform, written policies in UPMC's Compensation Manual is sufficient" to satisfy legal standards governing conditional certification; "[t]he policies in question, which apply to all non-exempt employees, are spelled out in 'black and white' through [UPMC's written] materials"); *and id.* at 9 ("[t]he problem for Defendants . . . is the admitted existence of written policies affecting all non-exempt employees, regardless of job title or work location," "[a] fact [that] distinguishes the instant case from the many other court decisions that have, to varying degrees, examined plaintiffs' affidavits to determine whether purported deficiencies regarding 'similar situation' exist"). At no point did the Court contemplate granting conditional certification based on the unspecified policies of Mercy Hospital that preceded the Hospital's adoption of UPMC's policies.

In a footnote to the May 14th Order, the undersigned stated:

> Given the absence of any indication to the contrary, the Court presumes that the relevant <u>UPMC policies</u> have existed for at least the last three years. <u>Should this prove not to be the case, the parties shall attempt to amicably determine the relevant temporal</u>

2

> period and, if they cannot reach agreement, the issue may be
> placed before the Court.

*Id.* at 10 n.5 (emphasis added). The parties have placed the issue regarding Mercy Hospital before the Court, and the undersigned agrees with Defendant that it has no obligation to produce information regarding employees of the Hospital who were not the subject of UPMC's compensation policies.

Finally, the Court agrees with Defendant that issuing notice in this case to Mercy Hospital employees who were not the subject of UPMC's compensation policies would be inappropriate given the status of <u>Taylor v. Pittsburgh Mercy Health System, Inc.</u>, Civil Action No. 09-377 (W.D. Pa.). *See* Defs.' Opp'n Br. (Doc. 132) at 3-4. <u>Taylor</u> specifically addresses the compensation policies of the Pittsburgh Mercy Health System, and those policies presumably applied to Mercy Hospital workers before March 2008. *Cf. id.* (inferring same). Further adjudication of that case should provide additional context for the purposes of addressing those Mercy Hospital workers who were employed before and after the Hospital changed its compensation policies, respectively.

Consistent with the foregoing, Plaintiffs' Motion (**Doc. 126**) to Enforce the Court's Order dated May 14, 2009 is **DENIED**.

IT IS SO ORDERED.


June 17, 2009                                         s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States Magistrate Judge

3

cc (via email):

J. Nelson Thomas, Esq.
Justin M. Cordello, Esq.
Michael J. Lingle, Esq.
Patrick J. Solomon, Esq.
John J. Myers, Esq.
Mariah L. Lewis, Esq.
Wendy West Feinstein, Esq.
Terrence H. Murphy, Esq.
James F. Glunt, Esq.