IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CAMESI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 09-85J |
| | ) |
| v. | ) Magistrate Judge Bissoon |
| | ) |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendant Mercy Hospital of Pittsburgh's Motion to Dismiss (Doc. 107) will be denied.

In its Motion, Defendant (also "Mercy Hospital" or "the Hospital") highlights the claims brought against it in the earlier-filed action, Taylor v. Pittsburgh Mercy Health System, Inc., Civil Action No. 09-377 (W.D. Pa.) (Bissoon, M.J., presiding). Defendant generally references federal law discouraging the pursuit of separate lawsuits, regarding the same subject matter, against the same defendant. *See* Def.'s Br. (Doc. 108) at 1 (citing cases).

More specifically, Defendant relies upon the "first-filed" rule. *See id.* at 2, 4-6. "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank" by giving judges "the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971-72 (3d Cir. 1988) (citation and internal quotations omitted).

The degree of similarity required in this Circuit to invoke the first-filed doctrine is clear. In Grider v. Keystone Health Plan Central, Inc., the Court of Appeals for the Third Circuit explained:

> [The first-filed] rule . . . . has no application . . . . [unless] the later-filed case [is] truly duplicative of the suit before the court. . . . That is, the one must be materially on all fours with the other . . . . The issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other.

*Id.*, 500 F.3d 322, 334 n.6 (3d Cir. 2007) (citations, internal quotations and alterations omitted); *accord* U.S. v. Yuill, 2007 WL 3274156, *3 (W.D. Pa. Nov. 5, 2007) (McVerry, J.) ("the Third Circuit Court of Appeals has interpreted the first-filed rule narrowly, holding that it only applies to truly duplicative proceedings") (citations and internal quotations omitted).

Even assuming that the first-filed rule may apply to cases pending before the same Judge,[1] the doctrine has no application here. In this case, Mercy Hospital is identified as one of many entities operating within the UPMC health system. *See* Compl. (Doc. 1) at ¶ 13; *see also id.* at ¶ 16 (identifying Defendants collectively as "UPMC"). Plaintiffs have pursued a collective action against Defendants, alleging that UPMC instituted uniform policies in violation of the FLSA. *See generally* Order dated Jun. 17, 2009 (Doc. 140).

In Taylor, Mercy Hospital is identified as part of the Pittsburgh Mercy Health System ("Mercy Health"). *See generally* Compl. (Doc. 1) in Civil Action No. 09-377 at ¶¶ 14, 17. Although the purported FLSA violations in Taylor are similar to the ones alleged here, Taylor addresses a different health system, with different defendants, save a single overlapping entity, Mercy Hospital. *Compare id. with* discussions *supra*.

---

[1] *Cf.* Carter v. Nicholson, 2007 WL 3316086, *4 (5th Cir. Nov. 8, 2007) (given comity concerns underlying first-filed doctrine, rule may apply to "related cases [that] are pending between two judges in the same district") (citation omitted, emphasis added).

The reason Mercy Hospital has been named in both lawsuits is clear: in early 2008, the Hospital switched from preexisting Mercy compensation policies to the compensation policies of UPMC. *See* Jun. 17th Order at 1; *see also* Def.'s Br. at 3 (indicating same).

This is hardly a situation in which "the later-filed case [is] truly duplicative of the [prior] suit," where one action is "materially on all fours with the other," and where "a determination in one action leaves little or nothing to be determined in the other." Grider, 500 F.3d at 334 n.6. Defendant has offered no other convincing justification for disallowing the claims in this case against Mercy Hospital at this juncture.

Plaintiffs have expended substantial energy attempting to persuade the Court that UPMC, rather than Mercy Health or related entit(ies), may be liable for purported FLSA violations resulting from the Hospital's adoption of UPMC's policies. *See* Pls.' Br. (Doc. 123) at 6-13. This has drawn the parties into fact-intensive disputes regarding which entity, or entities, may be liable for Mercy Hospital's purported violations, both before UPMC acquired the Hospital in January 2008 and after. *See, e.g.*, Defs.' Reply Br. (Doc. 134) at 2-3; *see also id.* (UPMC "became the sole . . . owner of [Mercy Hospital] effective January 1, 2008").

These factual disputes cannot properly be resolved at the 12(b)(6) stage. More importantly, however, Defendants themselves have identified Mercy Hospital as "a distinct legal entity," *id.* at 3,[2] and at no point have Defendants urged or shown that the Hospital cannot be sued for alleged FLSA violations arising from its application of UPMC's compensation policies. If the identity of those bearing ultimate financial responsibility for the Hospital's alleged FLSA violations is material to this case, to this point Defendants have failed to demonstrate the same.

---

[2] Although Mercy Hospital filed the instant Motion to Dismiss, UPMC has joined the Hospital in reply. *See id.* at 3.

Finally, it is fair to suggest that the Court and parties have struggled to find Mercy Hospital's proper place in these two related lawsuits. In this regard, any confusion is understandable given the unique circumstances presented, namely UPMC's acquisition of the Hospital during the potential collective action period.

As this litigation proceeds, the Court and parties will be in a better position to identify a reasoned approach for dealing with Mercy Hospital moving forward. *Cf., e.g.*, Jun. 17th Order at 3 (holding that notice in Camesi should be limited to those Mercy Hospital employees subjected to UPMC's compensation policies). It suffices to say that, for the time being, Mercy Hospital has failed to demonstrate its entitlement to dismissal from this case.

For all of these reasons, Mercy Hospital of Pittsburgh's Motion to Dismiss (**Doc. 107**) is **DENIED**.

IT IS SO ORDERED.

June 18, 2009

s\Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc (via email):

J. Nelson Thomas, Esq.
Justin M. Cordello, Esq.
Michael J. Lingle, Esq.
Patrick J. Solomon, Esq.
John J. Myers, Esq.
Mariah L. Lewis, Esq.
Wendy West Feinstein, Esq.
Terrence H. Murphy, Esq.
James F. Glunt, Esq.