IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN CAMESI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-85J |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| UNIVERSITY OF PITTSBURGH | ) | |
| MEDICAL CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On May 14, 2009, the Court afforded the parties an opportunity to develop a mutually acceptable FLSA notice letter. *See* Order (Doc. 104) at 11. The Court directed that, should those efforts fail, "opposing counsel shall cross-file proposed notice forms and the Court [would] determine which one is most appropriate, with or without modification." *Id.* The parties could not reach agreement, and they have cross-filed proposed notice forms and supporting memoranda. *See* Defs.' filings (Docs. 145 & 146); Pls.' filings (Docs. 147-149).

The Court enjoys broad discretion in determining the form and specific content of an FLSA notice. Summa v. Hofstra Univ., 2008 WL 3852160, *7 (E.D.N.Y. Aug. 14, 2008) (citation omitted). Having reviewed the parties' cross-proposals, the Court finds them to contain language unduly beneficial to the potential legal interests of the submitting parties. Given the need to provide fair, accurate, and understandable notice to putative collective action members, the Court will adopt a modified notice form that balances the parties' interests, and accounts for their objections to the extent they are persuasive.

At the onset, the Court notes that Defendants have objected to nearly every provision in Plaintiffs' proposed notice form. *See* Defs.' Br. (Doc. 146) at 3-10. Although the Court has considered each of Defendants' objections, commenting on them individually would not be a wise expenditure of judicial resources. A few overarching comments are, however, warranted.

First, the Court disagrees with Defendants that the Federal Judiciary Center's ("FJC's") model notice forms, relied upon by Plaintiffs, are inappropriate reference points in an FLSA collective action. *See generally id.* at 2. The FJC's model forms were developed through extensive research, commentary, and non-lawyer testing to promote "the plain language drafting" of class notice forms. *See* FJC's webpage at http://www.fjc.gov/public/home.nsf/autoframe?openform&url_r=pages/376; *see also id.* ("[c]ombining information from [a] pilot test with principles gleaned from psycholinguistic research," FJC drafted notices for review by "a lawyer-linguist to evaluate them for readability and [it] redrafted the notices in light of his suggestions"). The FJC's forms have been publicized "to demonstrate ways that drafters can use clear, simple, 'plain language' and design in class action notices," and, in actual cases, attorneys and judges are encouraged to "adapt the illustrative notice[s] to the unique factual, legal, and procedural circumstances of their case." *Id.*

The format and content of the FJC's model notices facilitate the communication of complex legal issues in an easily readable and understandable fashion. The Court rejects Defendants' suggestion that the model forms invoke an "alarmist, eye-catching format" designed to warn true "class action" (as opposed to collective action) members of the potential expiration of their legal rights. *See* Defs.' Br. at 2. Rather, the FJC's stated goals are to enhance readability and recipient comprehension and, having compared Defendants' proposed format to the ones adopted by the FJC (and Plaintiffs), the Court agrees that the latter are better suited to those ends.

2

Along the same lines, Defendants' proposed notice form is saddled with technical details making the document difficult to follow, or maintain attention of, even those well-versed in the law. *See, e.g.*, Doc. 145-2 at 1 (identifying all named-Defendant entities and indicating that recipient must have worked for one of those entities, despite fact that list of potential collective action members/recipients was generated from Defendants' own records); *compare id.* (dropping footnote explaining that only those Mercy Hospital employees who worked after March 1, 2008 were subject to notice) *with* Order dated Jun. 17, 2009 (Doc. 140) at 1-4 (confirming that Mercy Hospital was not required to produce information regarding employees who worked at Hospital before March 2008); *compare also id.* at 2 ("If you are or have been employed by one of the UPMC-affiliated entities named above in an hourly-paid or salaried non-exempt position, and you were not paid at the rate of 1.5 times your regular rate for all hours worked in excess of forty (40) in any workweeks during the last three years because your hours worked were reduced for a meal break over which you actually worked, then you may make a claim to recover unpaid overtime wages and liquidated damages (double the amount of the unpaid wages) in this lawsuit.") (two footnotes omitted) *with* Order dated May 15th at 7-8 (rejecting Defendants' argument that, for purposes of FLSA meal break litigation, overtime or minimum wage violations must be proved/resolved at conditional certification stage).

These are just a few examples of the complications presented by Defendants' approach, and, for the reasons identified above, the Court will use Plaintiffs' proposed notice form as a starting point.

Otherwise, the modifications made by the Court are too substantial to address on a line-by-line basis. Generally, the undersigned has removed language suggesting that UPMC's liability is undisputed or already has been established; the content has been modified to reflect

greater neutrality; references to the "Class" and "Class Members" have been omitted to dispel the potential misperception that a class action, as opposed to a collective action under the FLSA, has been certified; Defendants' legal positions in this case have been clarified; a sixty-day "opt in" period is established;[1] Plaintiffs' proposed "Information Sheet" is made optional for those recipients who elect to join the action; and references to the website of Plaintiffs' counsel is omitted from the Court-endorsed notice.[2]

Attached as Appendix "A" to this Order is a final version of the notice content approved by the Court. Within seven calendar days of this Order, Plaintiffs shall file a proposed amended notice, containing the language in Appendix A, in the same format utilized in its current proposed notice form. Any attempts to modify the substance or format approved herein will be met with the Court's strong disapproval.

For all of these reasons, Defendants' Amended Motion for Approval of Form of Proposed Notice (**Doc. 145**) is **DENIED**, and Plaintiffs' Motion for Approval of Notice (**Doc. 147**) is **GRANTED**, consistent with rulings above.

IT IS SO ORDERED.

July 1, 2009                                              s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States Magistrate Judge

---

[1] The undersigned joins Chief Judge Ambrose in concluding that a sixty-day opt in period is reasonable. *See* Kuznyetsov v. West Penn Allegheny Health Sys., Inc., 2009 WL 1515175, *6 (W.D. Pa. Jun. 1, 2009) (holding same).

[2] The preceding discussion is not intended to reflect an exhaustive explanation of all the changes adopted by the Court through an exercise of its discretion.

cc (via email):

J. Nelson Thomas, Esq.
Justin M. Cordello, Esq.
Michael J. Lingle, Esq.
Patrick J. Solomon, Esq.
John J. Myers, Esq.
Mariah L. Lewis, Esq.
Wendy West Feinstein, Esq.
Terrence H. Murphy, Esq.
James F. Glunt, Esq.