APPENDIX "A"

FINAL VERSION OF
NOTICE CONTENT
APPROVED BY COURT

NOTICE OF LAWSUIT
WITH OPPORTUNITY TO JOIN


If you worked for UPMC as an hourly employee in the last three years, a lawsuit may affect your rights.

A court authorized this notice.  This is not a solicitation from a lawyer.

• Employees have sued UPMC and related entities claiming UPMC failed to pay overtime as a result of UPMC not compensating hourly-paid employees for meals breaks during which the employees performed at least some work for their employer.

• The Court has allowed the lawsuit to be conditionally certified as a collective action on behalf of employees who have been subject to automatic meal break deductions and who have or may have worked through or during unpaid meal breaks without compensation.

• The Court has not decided whether UPMC did anything wrong. There is no money available now, and no guarantee there will be.  However, your legal rights may be affected, and you have a choice to make now:


YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

ASK TO BE INCLUDED

Join in this lawsuit.  Await the outcome.  Give up right to sue separately.

By joining, you keep the possibility of getting money or benefits that may come from a trial or a settlement.  But, you give up any rights to sue UPMC separately about the same legal claims in this lawsuit.


DO NOTHING

Do nothing.  Get no benefits from it.  Keep right to sue separately.

If you do nothing and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue UPMC separately about the same legal claims in this lawsuit.


• Your options are further explained in this notice.

BASIC INFORMATION

1. Why did I get this notice?

On April 2, 2009, a group of former and/or current employees of UPMC filed a lawsuit in the United States District Court for the Western District of Pennsylvania (Civil Action No. 09-85J), claiming, among other things, that they were hourly employees who were not compensated for work performed during meal breaks.  UPMC's records show that you currently work, or previously worked, for UPMC in an hourly-paid position.

This notice informs you of the existence of a collective action lawsuit in which you may become a member.  It also explains what you need to do to participate, or not participate, and how your rights may be affected.

On May 14, 2009, the Honorable Cathy Bissoon, United States Magistrate Judge for the Western District of Pennsylvania, authorized the sending of this Notice to inform you of your rights in connection with this lawsuit.


2. What is a collective action and who is involved?

In a collective action lawsuit, two or more people who have similar claims against an employer are permitted to assert those claims in a single lawsuit.  The people who decide to participate in the lawsuit are called the plaintiffs.  The employer they sued (in this case UPMC) is called the defendant.  One Court resolves the issues for everyone in the collective action — except for those people who choose not to join.

In this case, the Court has determined preliminarily that hourly employees, who were subject to automatic meal period deductions and who are alleged to have worked through or during unpaid meal breaks, without compensation, during the past three years, may have sufficiently similar claims that it makes sense to send this notice of rights to such employees.


3. What does the lawsuit complain about?

In the lawsuit, the plaintiffs claim that UPMC had a practice of automatically deducting 30 minutes from employees' workdays for meal periods, even when employees performed compensable work during meal periods.

The plaintiffs allege that UPMC's practices, as described above, did not comply with the Fair Labor Standards Act ("the FLSA"), and plaintiffs claim they are owed unpaid overtime, as well as additional damages that may be allowed under the law and attorneys' fees.

4. How does UPMC respond?

UPMC claims that its policy was to credit time worked during meal breaks, and that employees were instructed to notify their unit timekeepers or to cancel the deduction if they worked during a meal break.  Otherwise, UPMC asserts that its policies in all respects did not violate the FLSA.


5. Has the Court decided who is right?

The Court has not decided whether UPMC or the plaintiffs are correct.  By conditionally permitting the collective action and issuing this Notice, the Court is not suggesting that the plaintiffs will win or lose this case.  The plaintiffs must prove their claims.  Therefore, there is no money or benefits available now.

Once people have had the chance to opt in, the Court will decide whether people who have opted in may participate in this collective action.  Only people "similarly situated" to the plaintiffs may participate in this collective action.  To determine whether you are indeed a proper member of the collective action, UPMC will likely ask the Court to engage in a review of the circumstances of your employment with UPMC, taking into account factors such as employment setting, recording and payment for time worked, any defenses asserted against you by UPMC, and other issues.


YOUR RIGHTS AND OPTIONS

6. How do I join the collective action?

To participate in this lawsuit, you need to fill out the enclosed form entitled "Consent to Join" and mail it in the enclosed self-addressed stamped envelope to the attorneys for the plaintiffs.  It is entirely your own decision whether or not to join this lawsuit.

**The signed Consent form must be postmarked by [60 days from mailing of this Notice].  If your signed Consent form is not postmarked by [60 days from mailing of this Notice], you may be prohibited from participating in any recovery obtained against UPMC in this lawsuit.**

If you decide to join this suit, you will be bound by the settlement or judgment, whether it is favorable or not.  If there is a favorable resolution, either by settlement or judgment, and you qualify under the law, you will be entitled to some portion of the recovery.

You also may, but are not required to, complete the enclosed form entitled, "Information Sheet" and return it to counsel for the plaintiffs.  Should you elect to join this collective action, the Information Sheet will provide your lawyers basic contact information and information regarding the dates and locations of your employment with UPMC.  The plaintiffs' lawyers represent to the Court and you that any personal information you may provide will be used for the limited purpose of pursuing this lawsuit.

7. What if I do nothing?

If you do nothing, you will not participate in the collective action.  You will not be bound by any decision on the federal overtime suit.  Therefore, you will not be entitled to any recovery should there be any for those claims.

Should you not join this lawsuit, you also are free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted.  You should be aware that FLSA claims are limited to a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring under the law.

8.  If I join, will there be any impact on my employment?

Federal law prohibits UPMC from discouraging or in any other way discriminating against you because you have exercised your rights under the FLSA.  Such conduct would be unlawful, and you are entitled to damages should a court determine that UPMC took any action against you for joining this lawsuit.

9. Do I have to do anything to help out with the lawsuit once I join?

The lawyers will handle most of the presentation of the case.  From time to time, your lawyers will ask you for information and you will need to provide them with that information.  While this suit is proceeding, you also may be required to respond to written questions, participate in depositions and/or testify in court.  If you are asked to give information, plaintiffs' counsel has agreed to work with you so that the process is as convenient for you as possible.

THE LAWYERS REPRESENTING YOU

10. Do I have a lawyer in this case?

The law firm of Thomas & Solomon LLP is the counsel representing the named plaintiffs in this action.

Unless you choose another lawyer, these attorneys would represent you in the action.  You can contact the plaintiffs' attorneys at:

J. Nelson Thomas, Esq.
Patrick J. Solomon, Esq.
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
1-877-272-4066

11. Should I get my own lawyer?

You do not need to hire your own lawyer because Thomas & Solomon LLP has agreed to work on your behalf.  You may hire a different lawyer if you wish to do so. You would be responsible for making the arrangements to hire that lawyer, including any fee arrangements.  If you decide to have another attorney represent you, that attorney will need to draft a consent form that you should then mail to Thomas & Solomon LLP.

12. How will the lawyers be paid?

If the attorneys get money or benefits for the employees, they may ask the Court for fees and expenses.  You won't have to pay these fees and expenses.  If the Court grants the lawyers' request, the fees and expenses would be either deducted from any money obtained or paid separately by UPMC.

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate.  We do not know how long this will take.

CONSENT TO JOIN

By my signature below, I represent to the Court that I am a present or former hourly employee of UPMC.

I understand that this lawsuit is brought under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-209, and I hereby consent, agree and opt-in to the above-captioned lawsuit that has been filed seeking payment of unpaid wages, and related relief against UPMC.

I authorize the representative plaintiffs or plaintiffs' counsel to file this consent with the Clerk of the Court.  Unless I opt to retain separate counsel of my own choice and at my own expense, I hereby further authorize the named plaintiffs to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit, including any settlement, and I further agree to be bound by any judgment entered by the Court or any settlement of this action.


Signature
Print Full Legal Name
Date

INFORMATION SHEET

Please keep us informed of any changes to your contact information

(PLEASE FILL OUT COMPLETELY)

Name  _____
Address _____
City _____ State_____ Zip Code_____
Social Security Number  xxx-xx-____
Home Phone ( __ __ __ ) - __ __ __ - __ __ __ __
E-Mail Address _____
Cell Phone ( __ __ __ ) - __ __ __ - __ __ __ __

Any personal identification information that you provide to us will only be used to protect your interests and the class members in this lawsuit.

I am/was employed by UPMC.  [check box]

I am/was employed by UPMC at the following locations:

| Name of Health Care Institution — City/State | Start Date | End Date |
| --- | --- | --- |
| Name of Health Care Institution — City/State | Start Date | End Date |
| Name of Health Care Institution — City/State | Start Date | End Date |

Please Return To

UPMC Class Action Lawsuit
Thomas & Solomon LLP
693 East Avenue
Rochester, New York 14607

If you have any additional questions, feel free to contact the law firm above at:

info@hospitalovertime.com  OR
1.877.272.4066 (telephone M-F 8:30A-5:30P ET)  OR
1.877.272.4088 (facsimile)

Mailing Address

<u>Notice to current or former hourly employees of UPMC</u>
Jane Q. Class Member
123 Anywhere Street
Anytown, ST 12345-1234 (sample)

Return Address

Plaintiffs' law firm mailing address (no website address)