## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN CAMESI, *et al.*,                    )
                                           )
                Plaintiffs,      )          Civil Action No. 09-85J
                                           )
      v.                           )          Magistrate Judge Bissoon
                                           )
UNIVERSITY OF PITTSBURGH                    )
MEDICAL CENTER, *et al.*,                   )
                                           )
             Defendants.      )

## <u>ORDER</u>

Plaintiffs' Motion (Doc. 160) to enforce the Court Order dated May 14, 2009, which is construed as a Motion for clarification, will be granted to the extent described below.

Defendants take the position that FLSA notice should be restricted to hourly workers employed by the named Defendants. *See generally* Defs.' Opp'n Br. (Doc. 179) at 4-5.

In opposing conditional FLSA certification and notice, Defendants represented, among other things:

> "The various UPMC entities[, not specifically identified in Defendants' brief,] employ approximately 30,000 non-exempt [workers], all of whose time and attendance is tracked on the KRONOS system"; and

> "The UPMC Compensation Policy is communicated to hourly employees via the UPMC Infonet, a network available to all UPMC employees."

*See* Defs.' Doc. 93 at 2 n.2 *and* 6.

Defendants' briefing, by statement and omission, led the Court and Plaintiffs to believe that <u>all</u> employees subject to the UPMC Compensation Manual and the KRONOS system's

automatic meal break deductions fell within the pool of potential notice recipients.  *See, e.g.*, May 14th Order (Doc. 104) at 1 ("Defendants have confirmed . . . that all of UPMC's . . . non-exempt employees have thirty minutes automatically deducted for meal breaks") (emphasis added); *id.* at 7 (highlighting "uniform, written policies in UPMC's Compensation Manual," "which apply to all non-exempt employees"); *and id.* at 9 (noting "the admitted existence of written policies affecting all non-exempt employees, regardless of job title or work location") (emphasis added).

Defendants' basis for seeking to restrict the notice pool appeared not in their detailed, twenty-nine page opposition brief, but in an affidavit referenced therein.  Specifically, Charles Donina, "Senior Director[ of] Compensation, HRIS and Payroll for UPMC," stated that KRONOS was utilized by all "entities that are named as [D]efendants in this case."  *See* Doc. 92 at ¶ 2; *see also id.* at ¶ 3 ("'UPMC' . . . refer[s] to all of the entities named as [D]efendants in this case").[1]

Defendants' submissions were insufficient to place Plaintiffs, or the Court, on notice of Defendants' desire to restrict the collective action to employees of the "named" Defendants.  *See* discussions *supra*; *cf. also* Compl. at ¶¶ 14-15 (identifying dozens, if not hundreds, of "[the] Named Defendants[']" health care and "affiliated" facilities).[2]  To the extent that employees of unnamed affiliates were subject to the UPMC Compensation Manual and

---

[1]  While Paragraph 3 of Mr. Donina's affidavit defined "UPMC" as the named Defendants, that definition succeeded a paragraph identifying Mr. Donina as "Senior Director[ of] Compensation, HRIS and Payroll for UPMC," theretofore undefined.  *Compare* Doc. 92 at ¶ 3 *with id.* at ¶ 2 (emphasis added).  Although possible, it seems unlikely that Mr. Donina's responsibilities were limited to overseeing payroll/compensation for only those workers employed by the entities specifically identified as "named" Defendants in the Complaint.

[2]  Although the Court's May 14th Order identified the named Defendants collectively as "UPMC," *see id.* at 1, this usage constituted a standard "hereinafter" clause.  The Court had no reason to believe that Defendants resisted conditional certification regarding potentially proper, but unnamed, UPMC affiliates.

KRONOS deductions, they appropriately fall within the conditional FLSA certification granted by the Court. *See generally* May 14th Order (finding certification appropriate based on UPMC Compensation Manual and KRONOS system's automatic meal break deductions).

Even assuming the Court had reason to anticipate Defendants' arguments regarding unnamed entities whose employees were subject to the UPMC Compensation Manual and KRONOS deductions, Plaintiffs could easily remedy the situation through expedited discovery and an amendment of the pleadings. In this regard, there is little justification for expending additional time and resources of the parties and the Court, especially given Defendants' failure to meaningfully address the issue previously.[3]

For all of these reasons, Defendants shall produce information, consistent with the Court's prior Orders, regarding all remaining employees who were subject to UPMC's Compensation Manual and computerized, automatic meal break deductions. Defendants shall produce such information **by August 17, 2009**, and, upon receipt, Plaintiffs shall mail to the additional employees the FLSA notice approved in this case, consistent with the Court's prior instructions.[4]

IT IS SO ORDERED.


August 3, 2009                                    s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States Magistrate Judge

---

[3] Contrary to Plaintiffs' suggestion, Defense counsel's failure to produce information regarding the employees of unnamed UPMC affiliates did not constitute contemptuous behavior. *Cf.* Pls.' Br. (Doc. 161) at 1-2. For future reference, however, more appropriate courses would include Defendants raising the matter at a court conference or filing a motion for clarification.

[4] In their opposition brief, Defendants argue that currently unnamed UPMC affiliates are not, "*ipso facto*, defendants," nor should "all employees of affiliated entities [automatically be] treated as" employees of UPMC. *See* Defs.' Opp'n Br. at 5-8. If the parties cannot reach an agreement that allows the participation of all appropriate putative collection action members, as identified above, Plaintiffs are invited to file a motion for leave to amend the Complaint.

cc (via email):

All Counsel of Record