## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN CAMESI, *et al.*,                    )
                                           )
              Plaintiffs,                  )        Civil Action No. 09-85J
                                           )
       v.                                  )        Magistrate Judge Bissoon
                                           )
UNIVERSITY OF PITTSBURGH                   )
MEDICAL CENTER, *et al.*,                  )
                                           )
              Defendants.                  )

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendants' Motion to Dismiss (Doc. 110) will be granted in part, denied in part, and denied in part without prejudice.

Defendants' Motion addresses Counts II and III (ERISA), Count IV (RICO), and Count V ("Estoppel") of the Complaint. These claims, which are substantially similar to those in Kuznyetsov v. West Penn Allegh. Health Sys., Inc., Civil Action No. 09-379 (W.D. Pa. 2009) (Ambrose, C.J.), do not reach the Court in a vacuum. On July 20, 2009, Chief Judge Ambrose entered an Opinion and Order in Kuznyetsov addressing the plaintiffs' ERISA, RICO and estoppel claims in that case. *See id.*, 2009 WL 2175585 (W.D. Pa. 2009). The undersigned sees no reason to disturb Judge Ambrose's well reasoned decision and, to the extent applicable, it will be followed here.

### A.   RICO

Defendants argue that these claims should be dismissed because:  (1) Plaintiffs have failed to allege a distinct "enterprise," as required under RICO, *see* Defs.' Br. (Doc. 111)

at 11-13; and (2) Plaintiffs have failed to plead "predicate acts" of mail/wire fraud with sufficient specificity under Federal Rule 9(b).  *See id.* at 13-14.

Judge Ambrose rejected these arguments in <u>Kuznyetsov</u>, based on factual averments materially similar to the ones presented here.  *See id.*, 2009 WL 2175585 at *5-6 (rejecting defendants' "enterprise" argument); *compare also* Doc. 80 in <u>Kuznyetsov</u> at 14-17 (defendants' arguments that plaintiffs failed to allege "pattern of racketeering activity" with specificity under Federal Rule 9(b)) *with id.*, 2009 WL 2175585 at *6 (finding plaintiffs' allegations of racketeering activity, including requisite averment of "two predicate acts," sufficient under Rule 9(b)).  Defendants' arguments in this case were rejected, expressly or by necessary implication, in <u>Kuznyetsov</u>, and the undersigned adopts Judge Ambrose's rulings.[1]

Defendants' Motion to Dismiss Plaintiffs' RICO claims is DENIED.

**B.      "Estoppel"**

As Judge Ambrose aptly observed, estoppel in these cases "serves as a shield[,] not a sword."  *See* <u>Kuznyetsov</u>, 2009 WL 2175585 at *8.  Plaintiffs' estoppel theory is a response to Defendants' statute of limitations defense, and it cannot properly be construed as a ground for affirmative relief.

Defendants' Motion to Dismiss regarding estoppel, therefore, is GRANTED.

---

[1]  Unlike in <u>Kuznyetsov</u>, Defendants here have not sought dismissal of Plaintiffs' RICO claims based on the statute of limitations.  *Compare id.*, 2009 WL 2175585 at *7 (addressing RICO's four-year statute of limitations) *with* Defs.' Br. (failing to raise issue).  Even had they done so, the Court would decline to reach the matter because no statute of limitations bar "is . . . apparent on the face of the [C]omplaint."  *See* <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002) (applying same standard under Rule 12(b)(6)) (citation to quoted source omitted).

C.     **ERISA**

As in this case, the defendants in <u>Kuznyetsov</u> argued that the plaintiffs' pleadings were insufficient to establish standing under ERISA.  *See id.*, 2009 WL 2175585 at *7. Judge Ambrose agreed that the plaintiffs had "failed to specifically plead that they were plan participants," and she ordered the plaintiffs to amend their complaint "to more clearly elucidate their position and the position of the other class members under ERISA."  *Id.*  Given the need for amendment, Judge Ambrose declined to reach the defendants' remaining arguments regarding breach of fiduciary duty and related matters.  *See id.* at *7-8.[2]

Plaintiffs appear in agreement that their ERISA allegations may improve through amendment.  *See* Pls.' Doc. 176 (submitting <u>Kuznyetsov</u> as supplemental authority, and urging Court to adopt its holdings).  The undersigned will follow Judge Ambrose's reasoning, and allow Plaintiffs to amend their pleadings regarding ERISA.  The Court does <u>not</u> anticipate granting further opportunities for amendment, however, so Plaintiffs should view this as a last, best chance to fully state their ERISA claims.

Consistent with the foregoing, Defendants' Motion to Dismiss Plaintiffs' ERISA claims is DENIED WITHOUT PREJUDICE, and Plaintiffs shall file an amended complaint.

## II. **ORDER**

Defendants' Motion to Dismiss (**Doc. 110**) is **GRANTED** in part, **DENIED** in part, and **DENIED WITHOUT PREJUDICE** in part, consistent with the analyses above.  IT IS FURTHER ORDERED that Plaintiffs shall file their amended complaint by September 21, 2009,

---

[2]  After Judge Ambrose's decision, the plaintiffs in <u>Kuznyetsov</u> filed an amended complaint, and the defendants renewed their motion to dismiss.  *See* Docs. 125 & 156 in Civil Action No. 09-379.  The renewed motion awaits opposition briefing and adjudication.

and Defendants may renew their Motion to Dismiss regarding Plaintiffs' ERISA claims, if necessary, by October 5, 2009.

     IT IS SO ORDERED.


September 11, 2009                        s/Cathy Bissoon_____
                                            Cathy Bissoon
                                            United States Magistrate Judge

cc (via email):

All Counsel of Record