IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN CAMESI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-85J |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| UNIVERSITY OF PITTSBURGH | ) | |
| MEDICAL CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs' Motion for Appointment of Counsel (*see* Doc. 232) will be granted, and their Motion to establish attorneys' fees (*see id.*) will be denied without prejudice.

In Kuznyetsov v. West Penn Allegh. Health Sys., Inc., Civil Action No. 09-379 (W.D. Pa. 2009), Chief Judge Ambrose granted the plaintiffs' unopposed request for appointment of counsel. *See id.*, 2009 WL 1515175 at *7 (Jun. 1, 2009).  Implicit in this ruling was Judge Ambrose's conclusion that Plaintiffs' counsel were qualified and could appropriately represent the plaintiffs in the conditionally certified collective action.  The Court finds the same here.

Defendants do not necessarily disagree, but they question whether a current designation of "Class Counsel" is premature.  *See* Defs.' Opp'n Br. (Doc. 252) at 8.  Given Judge Ambrose's ruling, and Defendants' concession that they "cannot identify any adverse consequences" that may flow from Plaintiffs' request, the Motion for Appointment of Counsel (*see* **Doc. 232**) is **GRANTED**.

Turning to Plaintiffs' request for the establishment of attorneys' fees, their counsel focus almost exclusively on the "percentage-of-recovery" method.  *See* Pls.' Br. (Doc. 233) at 1-5; *see also generally* In re Janney Montgomery Scott LLC Fin. Consultant Litig., 2009 WL 2137224, *13-14 (E.D. Pa. Jul. 16, 2009) (identifying two methods of calculating attorneys' fees, lodestar and

percentage-of-recovery, and applying latter, as "cross-check[ed] . . . against a [lodestar] calculation") (citations omitted). In reliance on a report from the Third Circuit Task Force, Plaintiffs asserts that fees should be set "at the earliest practicable moment." *See id.* at 2 (citation omitted).

Assuming, without deciding, that the Third Circuit Task Force's statements are persuasive under the circumstances presented here, the Court cannot agree that the "earliest practicable moment" has accrued. Under the percentage-of-recovery method, the Court considers, among other things: "the size of the fund created and the number of persons benefitted"; "the presence or absence of substantial objections by members of the class to . . . the fees requested by counsel"; "the complexity and duration of the litigation"; "the risk of nonpayment"; "the amount of time devoted to the case by plaintiffs' counsel"; and "awards in similar cases." Janney, 2009 WL 2137224 at *14.

There is no evidence through which the Court may determine whether the above considerations warrant the fee percentages requested by Plaintiffs' counsel. Even if counsel submitted a more detailed affidavit, certain of the inquiries simply cannot be made at this stage in the litigation. *See id.* (discussing "the size of the fund created and the number of persons benefitted," "the presence or absence of substantial objections by members of the [collective action]," and "the complexity and duration of the litigation").

The Court cannot make a reasoned determination regarding attorneys' fees at this time. Any desire to resolve the matter expediently notwithstanding, Plaintiffs' request is premature. Thus, Plaintiffs' Motion to establish attorneys' fees (*see* **Doc. 232**) is **DENIED WITHOUT PREJUDICE**.[1]

---

[1] In light of the foregoing, Plaintiffs' Motion for Leave to File a Reply (**Doc. 260**) is **DENIED**.

IT IS SO ORDERED.

September 17, 2009                                         s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States Magistrate Judge

cc (via email):

All Counsel of Record