IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN CAMESI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-85J |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| UNIVERSITY OF PITTSBURGH MEDICAL CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons that follow, Plaintiffs' Motion (Doc. 324) to strike Mary C. Henderson's untimely opt-in form and to dismiss her from this collective action will be granted; Ms. Henderson's Motion (Doc. 304) for the issuance of corrective notice and a new opt-in period will be denied; and Ms. Henderson's Motion (Doc. 336) to disqualify Plaintiffs' counsel will be denied.

On July 6, 2009, the Court gave final approval over a notice form ("the Notice") to be sent to collective actions members regarding the claims conditionally certified in this case. *See* text Order dated Jul. 6, 2009. Among other things, the Notice informed putative collective action members of the following:

- "Employees ha[d] sued UPMC and related entities claiming UPMC failed to pay overtime as a result of UPMC not compensating hourly-paid employees for meal breaks during which the employees performed at least some work for their employer."

- The Notice recipients' "options in this lawsuit" were to either:

       (a)  "ask to be included," thereby "[j]oining in this lawsuit" and "[g]iv[ing] up [the] right to sue separately"; or

       (b)  "do nothing," forego "benefits from" the suit, "[b]ut . . . keep any rights to sue UPMC separately about the same legal claims in this lawsuit."

- Should the recipient choose to join the collective action, he or she was required to "fill out the enclosed . . . 'Consent to Join' [form] and mail it," "postmarked by 60 days from mailing of th[e] Notice."

- Recipients were advised that, if their "signed [c]onsent form [wa]s not postmarked by 60 days from mailing of [the] Notice, [they] may be prohibited from participating in any recovery obtained against UPMC in this lawsuit."

*See* Notice (attached as Ex. A to Doc. 157) at 1, 3 (alterations in original omitted).

    Plaintiffs' counsel has presented evidence, not disputed by Ms. Henderson, that the Notice was sent to her on July 14, 2009. *See* Pls.' Br. (Doc. 325) at 3 (citing record evidence). Pursuant to the sixty-day opt-in period established by the Court, Ms. Henderson's consent form was due for postmarking by no later than September 12, 2009.

    Ms. Henderson executed her consent form on October 22, 2009, and she attempted to opt in, through separate counsel, on October 23rd. *See* Doc. 302.

    None of the precedent reviewed by the Court has contemplated a putative collective action member opting in, untimely and through separate counsel, to assert claims under a conditionally certified FLSA action. Rather, and consistent with the Notice approved by this Court, the case law anticipates a putative plaintiff filing a separate lawsuit. *Compare* discussion *supra* (quoting Notice) *with, e.g.*, Ballaris v. Wacker Siltronic Corp., 370 F.3d 901, 907 n.9 (9th Cir. 2004) ("[i]f employees do not opt[ ]in by filing [a] consent, they are not bound by the

2

outcome of the collective action <u>and may bring a subsequent private action</u>") (citation omitted, emphasis added); <u>Kelly v. Bluegreen Corp.</u>, 2008 WL 4962672, *2 (W.D. Wis. Nov. 19, 2008) ("to preserve their claims[, putative members] must either file an opt-in consent form in [the] pending action <u>or file a separate lawsuit</u> before the statute of limitations has run") (citation omitted, emphasis added); <u>Owens v. Bethlehem Mines Corp.</u>, 108 F.R.D. 207, 210 (S.D. W.Va. 1985) (same).

      Ms. Henderson enjoyed legal representation during her opt-in period, and she was, or should have been, aware of the consequences of failing to timely file a consent form. *Cf.* Ms. Henderson's Opp'n Br. (Doc. 338) at 2 (confirming that Ms. Henderson's independent legal representation commenced no later than July 8, 2009). Nevertheless, Ms. Henderson's counsel suggests that her failure to timely opt in should be excused because Plaintiffs' counsel sent a "reminder" letter to putative collective action members on September 1st, as discussed in this Court's Order denying Defendants' Motion for Sanctions. *Compare* Ms. Henderson's Opp'n Br. at 3 (although Ms. Henderson "initially did not intend to join the <u>Camesi</u> action as an 'opt-in' plaintiff," her counsel determined that joinder was necessary because September 1st letter did not advise recipients "they were not obligated to retain [Plaintiffs' c]ounsel in order to pursue their claims") *with* Order dated Nov. 4, 2009 (Doc. 318) (discussing September 1st letter, and finding that it did not warrant entry of sanctions against Plaintiffs or their counsel).

      The September 1st letter, an issue already extensively litigated in this case, would appear a remarkably convenient explanation for Ms. Henderson's decision to untimely opt in. In any event, the Court rejects Ms. Henderson's suggestion that Plaintiffs' counsel's September 1st letter was "misleading" because it failed to disclose that recipients "could choose . . . to retain other

3

counsel." *See* Howard v. Securitas Sec. Servs., USA Inc., 630 F. Supp.2d 905, 909 (N.D. Ill. 2009) (holding same).[1]

Courts in this Circuit have analyzed untimely opt-in requests under the "excusable neglect" and "good cause" standards. *See* Dasilva v. Esmor Correctional Servs., Inc., 2006 WL 197610, *2-3 (3d Cir. Jan. 27, 2006) (noting that "courts typically analyze late claims in class actions under the rubric of . . . excusable neglect," and citing decision in FLSA action to similar effect) (citations and internal quotations omitted); Moya v. Pilgrim's Pride Corp., 2006 WL 3486739, *1-2 (E.D. Pa. Nov. 30, 2006) (applying "good cause" standard in determining whether to accept untimely returned opt-in notices in FLSA action); *see also* In re Cendant Corp. Prides Litigation, 233 F.3d 188, 195 (3d Cir. 2000) (leaving undisturbed on appeal district court's conclusions that "good cause" standard applied to "requests to extend deadlines for filing proofs of claim," and that "excusable neglect" standard applied to late-filed claims). Under either standard, Ms. Henderson fails.

This is not a case, for example, where a putative plaintiff did not timely opt in because she temporarily lacked access to mail service, or where the notice "fell[] prey to [the inefficiencies of] the [U.S.] Post[ Office]." *See, e.g.*, Moya, 2006 WL 3486739 at *2 (accepting these explanations as "good cause"); *but see id.* (rejecting one putative plaintiff's explanation that her notice "got mixed up with junk mail," and another's assertion that

---

[1] In Howard, the court held that plaintiffs' counsel's communications were not misleading because the right to retain separate counsel "was included in the class notice." *Id.* The same information was provided here. *See* Ex. A to Doc. 157 at pg. 4 ¶ 7 ("[s]hould you not join this lawsuit, you also are free to independently retain your own counsel"). To the extent Ms. Henderson or her counsel found the Court-approved language objectionable, there appears no good reason why Ms. Henderson did not timely opt in and challenge the content of the Notice. Ms. Henderson's subsequent discovery of the September 1st letter could not have prejudiced her decision whether or not to opt in, because her right to proceed as part of the collective action with different counsel, to the extent it existed, already was known to her.

"she feared that the notice was fake and that she would be retaliated against if she were to return it"). Instead, Ms. Henderson, through advice of counsel, affirmatively chose not "to [timely] join the Camesi action as an 'opt-in' plaintiff." *See* discussion *supra*. Her decision not to timely join, much like her subsequent decision to untimely join and challenge the appointment and conduct of Plaintiffs' counsel, was the result of her counsel's litigation strategy, and this does not constitute "excusable neglect" or "good cause."

Finally, the Court declines to allow Ms. Henderson's participation through an exercise of its equitable powers. *Cf.* Dasilva, 2006 WL 197610 at *2-3. These powers are incidental to the Court's obligation to "manage the litigation . . . to promote judicial economy and fairness," *see id.*, and allowing Ms. Henderson's untimely joinder and corollary challenges to Plaintiffs' counsel's representation would serve the opposite effect.

Plaintiffs' counsel filed this lawsuit on April 2, 2009, more than three months before Ms. Henderson filed related claims under Civil Action Number 09-187J. Plaintiffs' counsel has zealously and diligently represented the interests of the putative collective action members, having promptly secured conditional certification and the issuance of FLSA notice. The Court already has appointed Plaintiffs' counsel to represent the conditionally certified collective action, and counsel have been found qualified and capable of pursuing the interests of properly joined putative plaintiffs. *See* Order dated Sept, 17, 2009 (Doc. 263) at 1; Nov. 4th Order at 7 n.3.

Plaintiffs' counsel, Defendants, and the Court alike have expended substantial time, energy and resources bringing this putative collective action to its current disposition. Counsel for Ms. Henderson have arrived late to the party, and their second guessing of Plaintiffs' counsel has not been shown to serve overarching fairness concerns, and it threatens, rather than serves, the interests of judicial economy and the Court's management of the litigation. *See* Dasilva,

2006 WL 197610 at *2-3 (decision whether to deviate from notice procedures is based on "the circumstances in their entirety, including the conduct of counsel"); *see also* In re Cendant, 189 F.R.D. 321, 324 (D. N.J. 1999) (valid considerations include "the danger of prejudice to" non-moving parties, "the length of the delay and its potential impact on [the] judicial proceedings," "whether [the delay] was within the reasonable control of the movant," and "whether an asserted inadvertence [to timely participate] reflects an easily manufactured excuse") (citations omitted) (affirmed by In re Cendant, 233 F.3d 188 (3d Cir. 2000), cited *supra*).[2]

For all of these reasons, Plaintiffs' Motion (**Doc. 324**) to strike Mary C. Henderson's untimely opt-in form and to dismiss her from this conditionally certified collective action is **GRANTED**. Given that Ms. Henderson is not a proper party, her Motions (**Docs. 304 & 336**) for the issuance of corrective notice, a new opt-in period and to disqualify Plaintiffs' counsel are **DENIED**.

IT IS SO ORDERED.


December 1, 2009                                s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States Magistrate Judge

---

[2] This is not a situation where "there has been a race to the courthouse to file the first [collective/]class action in what appears to be a promising situation, and the "race [was] 'won' by a matter of minutes or days by one putative class representative or another." *Cf. generally* Davis v. Coopers & Lybrand, 1991 WL 154460, * 8 (N.D. Ill. Jul. 30, 1991) (suggesting that, under circumstances described, "no automatic 'first in time, first in right' presumption [attaches] in choosing the proper class representative and class counsel"). Rather, Plaintiffs' counsel competently and diligently represented the interests of the putative collective action members more than three months before Ms. Henderson and her lawyers made themselves known to this litigation. *Cf. id.* ("[n]othing before this [c]ourt suggests that the . . . qualified counsel who launched the first . . . lawsuit -- three and one-half months before the [second] action was filed -- should be placed into a competition for class representation").

cc (via email):

All Counsel of Record