IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CAMESI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 09-85J |
| ) | |
| v. ) | Magistrate Judge Bissoon |
| ) | |
| UNIVERSITY OF PITTSBURGH ) | |
| MEDICAL CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons that follow, Defendants' Motion to Dismiss (Doc. 275) Counts II and III of the Amended Complaint will be granted.

Counts II and III state claims under ERISA for failure to keep accurate records and for breach of fiduciary duty. *See* Am. Compl. (Doc. 266) at Counts II, III. The instant decision comes on the heels of a Memorandum and Order in Henderson v. UPMC, *et al.*, Civil Action No. 09-187J (W.D. Pa.) (Bissoon, M.J., presiding), dismissing nearly identical claims brought under the same ERISA plans ("the Plans"). *See* Doc. 51 in Henderson.

Defendants here have made the same arguments for dismissal as in Henderson, and Plaintiffs' arguments in opposition likewise are materially similar. The Court sees no reason to rehash its analyses in Henderson, and they hereby are incorporated by reference as if fully restated in this Order. In sum, Defendants violated neither their recording nor fiduciary duties under ERISA because those obligations related to "Compensation" that was paid, not hours allegedly worked by Plaintiffs but not paid. *See* Doc. 51 in Henderson at 6-7.

The only other argument advanced by Plaintiffs is that dismissal of their ERISA claims would be premature because questions of fact remain regarding what constitutes "compensation" under the Plans.  *See* Pls.' Opp'n Br. (Doc. 320) at 9-10.  The relevant Plan documents are in the record, however, and no discoverable facts can modify the Court's interpretation.  *See* Doc. 51 in Henderson at n.3; *see also* Mathews v. ALC Partner, Inc., 2009 WL 3837249, *3 (E.D. Mich. Nov. 16, 2009) ("[a] plaintiff's reference in a complaint to an ERISA 'plan' is sufficient reference to the plan documents such that the plan documents, if attached in the defendant's motion to dismiss, may be considered by the [c]ourt in ruling on the motion to dismiss"); *compare also* Pls.' Opp'n Br. at 9 (agreeing that Defendants' arguments "relate[] to what constitutes 'compensation' under the terms of the [P]lans") *with* Chiles v. Ceridian Corp., 95 F.3d 1505, 1511 (10th Cir. 1996) (terms of unambiguous ERISA plan are interpreted as matter of law) (citation omitted).

No amount of additional inquiry can save Plaintiffs' ERISA claims, and, for the same reasons as in Henderson, Defendants' Motion to Dismiss (**Doc. 275**) is **GRANTED**, and Counts II and III of the Amended Complaint are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.


January 11, 2010                                                s/Cathy Bissoon
                                                                Cathy Bissoon
                                                                United States Magistrate Judge


cc (via email):

All Counsel of Record