# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CAMESI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 09-85J |
| ) | |
| v. ) | Magistrate Judge Bissoon |
| ) | |
| UNIVERSITY OF PITTSBURGH ) | |
| MEDICAL CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiffs' Motion for Reconsideration (**Doc. 423**), regarding 24 opt-ins who returned affidavits to Plaintiffs' counsel after the filing of Plaintiffs' brief in opposition to summary judgment, is **DENIED**.

Plaintiffs do not contend that the opt-ins' untimely submitted affidavits constitute "new evidence," as viewed within the context of reconsideration. *Compare* Pls.' Br. (Doc. 423) at 3 (stating that affidavits in question were "not [previously] available to Class Counsel") (emphasis added) *with* Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 252 (3d Cir. 2010) ("'new evidence' . . . does not refer to evidence that a party obtains or submits to the court after an adverse ruling," but rather, is "evidence that a party could not earlier submit to the court because that evidence was not previously available") (citation omitted, emphasis added).

Plaintiffs instead claim that reconsideration regarding the untimely-filed affidavits is appropriate to "correct a manifest injustice." *See* Pls.' Br. at 3-4. The "manifest injustice" standard applies, however, where the Court erred in reviewing information before it when the

initial determination was made. See In re Telfair, -- F. Supp.2d --, 2010 WL 4062223, *21 (D. N.J. Oct. 15, 2010) (manifest injustice "means that the Court overlooked some dispositive factual or legal matter . . . presented to it," or otherwise committed error that was "direct, obvious, and observable") (citations to quoted sources omitted). The manifest injustice standard cannot properly be utilized to circumvent the "new evidence" standards that Plaintiffs, here, cannot satisfy, and their Motion for Reconsideration regarding untimely affiant opt-ins must be denied.[1]

    IT IS SO ORDERED.


November 18, 2010                                              s\Cathy Bissoon
                                                                              Cathy Bissoon
                                                                              United States Magistrate Judge

cc (via ECF e-mail notification):

All Counsel of Record

---

[1] In reaching this conclusion, the Court places no reliance on Defendants' Opposition Brief (Doc. 429), which resorts to sniping at the Court's initial summary judgment decision, and mis-cites the Federal Rules of Civil Procedure. See, e.g., id. at 1-2, n.1 (complaining that opt-ins who timely filed affirmations "were allowed to stay in the case based upon affirmations that do not create [material] issues [of fact]"); compare id. at 4 ("[Federal] Rule 56(g) affords a simple and clear procedure for a party opposing summary judgment to file an [a]ffidavit explaining why more time to assemble evidence is needed") with Fed. R. Civ. P. 56(g) (discussing award of fees to opposing party and/or finding of contempt where "an affidavit under this rule is submitted in bad faith or solely for delay").