# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CAMESI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 09-85J |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| UNIVERSITY OF PITTSBURGH ) | |
| MEDICAL CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs' Motion (**Doc. 518**) to review the Clerk's Taxation of Costs (Doc. 515) is **GRANTED** to the extent that it requests judicial review, but **DENIED** to the extent that it seeks to vacate or reduce the amount of costs awarded.

In <u>Kuznyetsov v. West Penn Allegheny Health Sys., Inc.</u>, Judge Donetta W. Ambrose issued an opinion and order addressing the taxation of costs in that case. *See* Doc. 164 in Civil Action No. 10-948 (W.D. Pa. Oct. 23, 2014). Judge Ambrose rejected several policy-based and other arguments that are materially analogous, if not identical, to the ones raised by Plaintiffs here. *See id.* The <u>Kuznyetsov</u> decision is well-reasoned, and the Court hereby incorporates it by reference regarding the arguments presented in both cases. Thus, the instant ruling will address only those issues that have not already been decided, directly or by implication, in <u>Kuznyetsov</u>. The remaining issues can be resolved in short order.

As to the "necessity" of Defendants' ESI discovery costs, *see* Pls.' Br. (Doc. 519) at 3-5, the Court rejects Plaintiffs' complaints that e-discovery responses never were "produced" or "used." Plaintiffs insisted on broad ESI productions, and then later joined Defendants in

moving to stay e-discovery.  *See* Doc. 440 at ¶¶ 2, 5; *see also* Pls.' Br. at 7 (highlighting, in different context, that parties "agreed to stay ESI discovery . . . before UPMC ever actually produced anything").  That the parties later agreed to stay ESI did not excuse Defendants from fulfilling their discovery obligations, and Plaintiffs cannot now complain that "nothing was produced" when the lack of production resulted from the agreed-upon stay.

Next, the Court rejects Plaintiffs' argument that Defendants failed to distinguish taxable ESI costs from non-taxable ones.  *See* Pls.' Br. at 5-9.  Defendants have requested a little more than one-third (1/3) of the total ESI services paid to their vendor, Kroll Ontrack.  *See* Clerk's Taxation of Costs at ¶ 3.  Otherwise, Defendants have submitted declarations demonstrating, to the Court's satisfaction, that the charges asserted are recoverable under prevailing law.  *See* Doc. 511 at pgs. 34-35 & Doc. 514-1.  Plaintiffs' objections in this regard are overruled.

The next argument not already addressed in <u>Kuznyetsov</u> is Plaintiffs' assertion that costs should not be awarded in light of Defendants' failure to reasonably confer regarding e-discovery.  *See* Pls.' Br. at 11-13.  To be sure, Defendants' compliance with its e-discovery responsibilities got off to a "rocky start," but, in the Court's view, Defendants eventually came around and engaged in meaningful, good faith efforts.  Defendants assert, and the Court finds sufficient corroboration, that their sizeable e-discovery expenditures resulted from Plaintiffs' unwillingness or inability to agree on reasonable limitations once it became clear how much responsive information would result.  These issues likely are what caused the parties to call a "truce," agreeing to stay ESI until it became clear whether further efforts would be cost and time-justified.  In any event, the Court will not assign blame to Defendants, any more than it will Plaintiffs, for the e-discovery costs incurred, and the Court believes that Defendants have acted reasonably in restricting their requested recoveries to those falling squarely within the law.

Next is Plaintiffs' assertion that the named representatives should not be made to bear the costs of the entire collective action. *See* Pls.' Br. at 14-17. The Court finds, as did Judge Ambrose, that counsel's submissions do not show the named Plaintiffs to be indigent. Moreover, assuming that their financial status is even relevant to the legal analyses, the Court questions whether any costs-award actually will be paid by the named Plaintiffs. *See* Defs.' Br. (Doc. 520) at 8-10 (citing documents indicating that *Plaintiffs' counsel* has agreed to bear costs, and noting Plaintiffs' failure to refute this assertion, despite having been placed on notice of this issue before filing their current briefing). Finally, the Court incorporates by reference the remaining legal arguments in Defendants' brief, and Plaintiffs' efforts to avoid costs based on the named representatives' financial status are rejected.

Any remaining distinctions between the issues and arguments presented in this case and in Kuznyetsov are immaterial, and Plaintiffs' objections to the Taxation of Costs are unavailing. As the Court previously has referenced, Plaintiffs' counsel are, and hold themselves out to be, high-profile specialists in the area of overtime and meal break deduction litigation. *See generally, e.g.*, Pls.' Br. in Supp. of Mot. for Appt. of Counsel (Doc. 233) at 6-8 (describing qualifications of Plaintiffs' counsel). Both sides expended rather substantial time, energy and resources litigating this case, and one fairly may characterize Plaintiffs-counsel's litigation efforts as thorough, zealous and "no holds barred." Now that the case has come to a conclusion, albeit unfavorably for Plaintiffs, neither the interests of justice nor the law favor allowing them to skip the bill.[1]

---

[1] Should Plaintiffs, rather than their counsel, be called upon to pay the costs, the Court has no doubt that counsel, given their of level of experience and qualification, clearly explained to their clients the risks associated with this litigation.

3

IT IS SO ORDERED.


March 19, 2015                                     s\Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record