IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN CAMESI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-85J |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNIVERSITY OF PITTSBURGH | ) | |
| MEDICAL CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Having conducted a Hearing consistent with the Circuit's guidance (*see* Doc. 525), the Court finds as follows. The only competent evidence, unrefuted by Plaintiffs, establishes that "Process[ing] to Ontrack Inview" was the means by which native files were converted to TIFF format. *See* Hearing Tr. (Doc. 540) at 48-49.[1] Although Defendants' witness indicated that the process also entailed "load[ing]" the TIFF'ed data into the Inview platform, *id.* at 58, there is no indication that the loading-function entailed additional energy, effort or expense.

To the contrary, Defendants' witness testified that the costs/charges associated with TIFFing, versus TIFFing plus loading, were "very similar," if not identical. *Id.* at 59-60. The witness stated that, within the context of *Camesi*, differentiating between TIFFing and TIFFing-plus-loading was inconsistent with the "contemplated workflow," and that, as a result, parsing "line item" distinctions did not fit "the context of this case." *See id.* at 60.

---

[1] Defendants' witness, Yakov Zylbershlag, credibly so-testified, based on personal knowledge and his review of *Camesi*-related business records. *See generally id.* at 49-50. The Court also finds that, to the extent Mr. Zylbershlag may be viewed as a hybrid fact/expert witness, his opinions are admissible under Federal Rules of Evidence 702 and 703.

These conclusions are bolstered by the broader context.  Defendants retained their ESI-vendor, Kroll, no later than October 2010,[2] and the billings in question were generated *roughly sixteen (16) months prior* to the Court of Appeals for the Third Circuit's decision in Race Tires Amer., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158 (3d Cir. Mar. 16, 2012). Race Tires involved matters of first impression, *see id.* at 159; and, its general theme of narrow-construction notwithstanding, this Court has no reason to believe that the decision endorses, let alone commands, hindsight-driven "*ex post facto*" dissections of Kroll's pricing-structures.[3]  In any event, the only competent evidence of record indicates that presumed distinctions between TIFFing and TIFFing-plus-loading are conjectural, rather than grounded in existing-reality.

For these reasons, the Court finds that Defendants' costs for "Process[ing] to Ontrack Inview" are recoverable under Race Tires.[4]  Given the possibility of further appellate review, however, the Court believes that any remaining information regarding the salient issues, now identified, should be made part of the trial-court record.

---

[2] *See* Kroll's "UPMC Project Data Map," created October 25, 2010 (attached as Ex. A to Defs.' Hr'g Ex. D-1, as memorialized in Hearing Exhibit List (Doc. 539)).

[3] If anything, a more appropriate inquiry under the circumstances might be the difference in resources and/or effort demanded – as opposed to pricing variations based on prevailing market forces.  Only after Race Tires was decided would litigants in this Circuit understand its potential billing/line-itemizing implications.

[4] In support of this determination, the Court hereby adopts – and incorporates by reference – Defendants' proposed Findings of Fact and Conclusions of Law (Doc. 543), to the extent they are consistent.

To the extent that additional, potentially-relevant information exists,[5] by necessity, it would be in the primary possession of Defendants and/or their vendor. Thus, Defendants are afforded until **December 4, 2017** to supplement the record. Plaintiffs may respond to Defendants' supplemental information by **December 19, 2017**. Their response shall refrain from making further arguments regarding matters already decided − explicitly and implicitly – herein. Plaintiffs' compliance with this limitation, however, is **without prejudice** to their advancing on appeal any previously-stated arguments or positions.

IT IS SO ORDERED.

November 15, 2017    s\Cathy Bissoon
    Cathy Bissoon
    United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[5] Among other things, this may include information/explanations regarding ESI-related service and billing negotiations, documents and instruments, and the efforts and resources required of Kroll to execute the TIFFing versus TIFFing-plus-loading functions.